08-3705-cv
World Trade Center Families for Proper Burial v. The City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-third day of December two thousand and nine.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WORLD TRADE CENTER FAMILIES FOR PROPER BURIAL, INC., KURT HORNING, DIANE HORNING, ANTHONY INGRASSIA, GLORIA INGRASSIA, ARTHUR RUSSO, ARLENE RUSSO, JAGDISH BHUKHAN, INDIRA BHUKHAN, CATHERINE REGENHARD, ALBERT REGENHARD, MONICA GABRIELLE, ROSEMARY CAIN, KRISTEN BREITWEISER, MINDY KLEINBERG, LORIE VAN AUKEN, WILLIAM DOYLE, SR., CAMILLE DOYLE,

> *Plaintiffs-Appellants,*

> v.

No. 08-3705-cv

THE CITY OF NEW YORK, MICHAEL R. BLOOMBERG, Mayor of

the City of New York, JOHN J. DOHERTY, Commissioner of the
New York City Department of Sanitation, AMANDA BURDEN,
Chair of the New York City Department of City Planning,

*Defendants-Appellees*,

THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,

*Amicus Curiae.*\*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**    NORMAN SIEGEL, New York, NY (Steven J. Hyman
and Aimee E. Saginaw, McLaughlin & Stern, LLP,
New York, NY, *on the brief*)

**FOR DEFENDANTS-APPELLEES:**    JAMES E. TYRRELL, JR. (Christopher M. DiMuro,
James O. Copley, and Jason W. Rockwell, *on the brief*),
Patton Boggs LLP, New York, NY

Appeal from a judgment of the United States District for the Southern District of New York
(Alvin K. Hellerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants ("plaintiffs") appeal from a July 7, 2008 order of the District Court
dismissing their claims against defendants-appellees ("defendants" or "the City"). Plaintiffs are the
next of kin of victims of the September 11, 2001 attacks on the World Trade Center in New York
and a non-profit organization purporting to represent approximately 1100 families who lost relatives
on that day whose remains were never recovered. Their complaint sought declaratory and injunctive
relief for alleged violations of their rights to due process of law, denial of their rights to free exercise
of their religious beliefs, and violations of New York state law. The District Court described the
case as follows:

> The terrorists of September 11, 2001 murdered 2,749 people in Towers One
> and Two of the World Trade Center. Approximately 1,100 of the victims perished
> without leaving a trace, utterly consumed into incorporeality by the intense, raging
> fires, or pulverized into dust by the massive tons of collapsing concrete and steel.
> Full bodies were recovered for only 292 victims, and partial remains were found for

---

\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated
above.

another 1,357 victims—sometimes a fragment of bone or a possession, sometimes more. City workers and contractors have inspected every bit of debris and, using sophisticated equipment, sifted the particles of debris to the extent of one-quarter inch of diameter, the space between the concentric circles of a small paper clip, with no further success. All human remains that could be identified, were identified. Only dust remains.

Plaintiffs brought this lawsuit to force the City to reclaim the finely-sifted residue of the World Trade Center debris at the City's Fresh Kills landfill in Staten Island, move it to a more suitable location, and create a cemetery for the 1,100 who perished without identifiable remains. If no identifiable remains can be detected, plaintiffs argue, the ground itself has become hallowed. Plaintiffs allege that the City's failures violate their Constitutional rights to bury their deceased sons and daughters and next of kin, and that this lawsuit can bring redress.

*WTC Families for a Proper Burial, Inc. v. City of New York*, 567 F. Supp. 2d 529, 531-32 (S.D.N.Y. 2008).[1] Plaintiffs argue that the District Court erred by (1) dismissing their complaint when discovery would have revealed issues of material fact relevant to plaintiffs' due process and state law claims and (2) concluding that plaintiffs' First Amendment rights had not been violated.

Under *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83 (1998), we must first ascertain whether any of the plaintiffs have constitutional standing to bring this suit. *See id.* at 94-95. Whatever questions there might be with respect to some of the individual plaintiffs and as to associational standing on the part of World Trade Center Families for Proper Burial, Diane and Kurt Horning readily meet the constitutional requirements. That being so, other plaintiffs' standing is not a threshold constitutional question, and we may consider the merits. *See Rumsfeld v. Forum for Academic & Inst. Rights, Inc. (FAIR)*, 547 U.S. 47, 52 n.2 (2006) ("[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.").

We conclude that the District Court did not rely improperly on material beyond the complaint or resolve any disputes of material fact in defendants' favor. *See WTC Families*, 567 F. Supp. 2d at 538 (explaining that the "disputes [of fact] are not material to the constitutional issues that are at the heart of this lawsuit"); *id.* at 534 ("I hold, with reluctance, for the suffering of the families thus affected by the events of September 11, 2001 is great, that plaintiffs are *not able to state a legally sufficient claim* for relief under the United States Constitution or under New York law." (emphasis added)). Nor have plaintiffs shown how further discovery would render their claims

---

[1] We do not intend to suggest that every fact as described by the District Court was undisputed. To the extent that facts were in dispute, the constitutional issues before us do not depend on how that dispute is resolved.

3

viable.

We also find no error in the District Court's thorough analysis of plaintiffs' constitutional and state law claims. With respect to plaintiffs' due process claims, the District Court held that, under New York law, plaintiffs do not have a cognizable property right in unidentifiable human remains. It further observed:

> It is clear, and the parties do not dispute, that the attacks of September 11, and the consequences, were unprecedented. There was no protocol on how to respond to the catastrophe suffered by the City. The collapse of the twin towers left a gaping hole in the City's skyline; the City's financial markets were paralyzed; an impenetrable smog infected lower Manhattan; fires had to be extinguished; and 1.6 million tons of debris had to be moved. In an amazing burst of patriotism, workers appeared on the site hours after the attacks, and the City marshaled contractors and workers to perform vital and immediate tasks of rescue, salvage and rehabilitation: (1) to search for survivors; (2) to search for remains or personal effects of victims; (3) to preserve evidence of the terrorists' criminal conduct; and (4) to clear debris and toxins from downtown Manhattan so that residents and businesses could again begin to function. It was important that the City move quickly, carefully and efficiently to satisfy these goals.

> Clearly, the City acted responsibly, without "reckless or deliberate indifference that would shock the conscience[."] Plaintiffs have cited no evidence and made no allegation that Defendants acted with any such malevolent or reckless intent. Even if I were to assume that plaintiffs' allegations concerning the sifting of debris are true, it is clear that the City sought through all of its actions to bring about a swift and efficient recovery from the terrorists' attack. Plaintiffs' amended complaint evidences a dissatisfaction with the way in which the recovery effort was executed, but this dissatisfaction is not sufficient to establish a violation of plaintiffs' constitutional rights. *See Lombardi v. Whitman*, 485 F.3d 73, 84 (2d Cir. 2007) ("[S]ubstantive due process liability should not be allowed to inhibit or control policy decisions of government agencies, even if some decisions could be made to seem gravely erroneous in retrospect"). At most, plaintiffs' allegations with regard to the Defendants' handling of the fines amounts to a lack of due care, and a lack of due care is not enough to establish a due process violation. *See Daniels* [*v. Williams*, 474 U.S. 327, 331 (1986)]. Consequently, Counts 1 and 2 of the amended complaint are dismissed.

*Id.* at 538-39 (footnote omitted). We find no error in this reasoning. To the extent the scene

depicted in plaintiffs' complaint "shocks the conscience," it does so because of the magnitude of the events that occurred on September 11, not because of the City's response. As the District Court found, these municipal actions and decisions represent, at most, a lack of due care. Even after the atmosphere of emergency had dissipated, affording a greater opportunity for "actual deliberation," the City's conduct does not amount to "deliberate indifference" to plaintiffs' rights. *Pabon v. Wright*, 459 F.3d 241, 251 (2d Cir. 2006).

We also agree with the District Court that the City's procedures relating to the recovery effort after September 11 "did not target religious beliefs," and that "[t]he governmental interest in clearing the debris of the World Trade Center efficiently and economically" was compelling. *Id.* at 540-41. We need not dwell on the level of scrutiny applicable to the City's actions. *Compare Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993) ("[O]ur cases establish the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." (citing *Employment Div., Dep't of Human Res. v. Smith*, 494 U.S. 872 (1990)), *with Skoros v. City of New York*, 437 F.3d 1, 39 (2d Cir. 2006) ("Absent [purposeful targeting of religion], a Free Exercise claim will be sustained only if the government has placed a substantial burden on the observation of a central religious belief, without a compelling government interest justifying the burden" (internal quotation marks and brackets omitted)). Because we are satisfied that the City's interest was compelling, plaintiffs' free exercise claim fails under any standard. Finally, we find no error in the District Court's dismissal of plaintiffs claims brought pursuant to New York law. *See WTC Families*, 567 F. Supp. 2d at 541-42.

On a human level, plaintiffs' claims are among the most compelling we have ever been called on to consider. They have endured unimaginable anguish, and they seek nothing more than the knowledge that their loved ones lie in rest at a place of their choosing. We regret that we cannot bring them solace but we echo the sentiments of the District Court:

> The events of September 11, 2001 will never be forgotten. No one knows the truth of these words more than those individuals who lost their loved ones to the attacks. In a very real sense, those individuals have suffered a wrong for which there can be no remedy. No matter the authority or power of this Court, it cannot bring back the loved ones lost, and it cannot bring peace to the plaintiffs or surcease to society's collective grief around the events of September 11, 2001.

5

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____